UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                    :

MOHAMMED RAZZAK, MOHAMMAD          :
SIDDIQUE, and MOHAMMAD ISLAM,        :
on behalf of themselves and others similarly     :
situated,                                           :

                                                   :      Case No. 1:17-cv-04373 (DLC)
                       Plaintiffs,                    :

                                                   :
       v.                                           :

                                                   :
JUNO USA, LP, VULCAN CARS LLC,         :
TALMON MARCO, and GT FORGE, INC.,     :
                                                   :
                   Defendants.              :

                                                   :
------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT TALMON MARCO'S MOTION TO DISMISS

**MEISTER SEELIG & FEIN, LLP**

Jeffrey A. Kimmel, Esq.
Adam B. Oppenheim, Esq.
125 Park Avenue, 7th Floor
New York, New York 10017
Tel (212) 655-3500
Fax (212) 655-3535
*Attorneys for Defendant Talmon Marco*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

Preliminary Statement ............................................................................................... 1

Summary of Allegations ............................................................................................ 1

ARGUMENT ............................................................................................................. 3

I.     The Complaint Does Not Satisfy Rule 8 ............................................................ 3

II.    This Court Does Not Have Subject-Matter Jurisdiction Over Plaintiffs' Claims ............................................................................................................ 4

III.   The Claims Against Marco Must be Dismissed Pursuant to Rule 12(b)(6) ............. 5

    A.  Standard of Review ................................................................................. 5

    B.  Claim One: False Advertising (FTCA) ...................................................... 6

        1.  Plaintiffs have not adequately alleged a claim for false advertising. ............... 6

        2.  Plaintiffs have not adequately alleged a claim for false advertising against Marco. ................................................................................ 6

    C.  Claim Two: False Advertising (New York General Business Law) ...................... 7

        1.  Plaintiffs cannot bring a claim under New York Business Law 349 and 350. ............................................................................................ 7

        2.  Plaintiffs cannot bring a claim under New York Business Law against Marco. ................................................................................ 8

    D.  Claim Three: Breach of Contract – Commission Fee ...................................... 8

        1.  Plaintiffs have not adequately alleged a claim for breach of contract. .............................................................................................. 8

        2.  Plaintiffs cannot bring a claim against Marco for breach of contract. .............................................................................................. 9

    E.  Count Four: Breach of the Implied Covenant of Good Faith and Fair Dealing ........................................................................................... 10

        1.  Plaintiffs have not adequately alleged a claim for breach of the implied covenant of good faith and fair dealing. ............................................ 10

        2.  Plaintiffs have not adequately alleged a claim against Marco for breach of the implied covenant of good faith and fair dealing. ...................... 11

    F.  Count Five: Misrepresentation and Fraud; Count Six: Securities Fraud ........................................................................................... 12

i

1.  Plaintiffs have not adequately alleged any claims sounding in fraud. ...................................................................................... 12

2.  Plaintiffs have not adequately alleged any fraud based claims against Marco. ...................................................................... 12

G.  Count Seven: Shareholder Derivative Claim ...................................... 13

1.  Plaintiffs cannot bring a derivative action on behalf of Juno USA.......................................................................................... 13

2.  Plaintiffs cannot bring a derivative claim against Marco. ............................ 14

H.  Count Eight: Conversion.......................................................................... 15

1.  The Complaint Does Not Allege Adequately a Claim for Conversion ............................................................................. 15

2.  The Complaint does not allege a claim for conversion against Marco. .................................................................................... 16

IV.  The Claims of Siddique and Islam Should be Dismissed in Favor of Arbitration .......................................................................................... 16

Conclusion ............................................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Alfred Dunhill Ltd. v. Interstate Cigar Co.,*
   499 F.2d 232 (2d Cir. 1974) ...................................................................................6

*Allison v. Cos-ette Too, LLC,*
   No. 14 Civ. 1618(LAK)(JCF), 2014 WL 4996358 (S.D.N.Y. Sept. 15, 2014) ........................16

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...........................................................................................5

*Atuahene v. City of Hartford,*
   10 Fed. Appx. 33 (2d Cir. 2001) ...........................................................................4

*Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano,*
   331 F. Supp. 2d 247 (S.D.N.Y. 2004).....................................................................13

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................................................5, 6

*Black Car and Livery Ins., Inc. v. H & W Brokerage, Inc.,*
   28 A.D.3d 595 (2d Dep't 2006) ............................................................................9

*Bridgestone/Firestone Inc. v. Recovery Credit Services,*
   98 F.3d 13 (2d Cir. 1996).................................................................................16

*Casper Sleep, Inc. v. Mitcham,*
   204 F. Supp. 3d 632) (S.D.N.Y. 2016) .....................................................................6

*Chefs Diet Acquisition Corp. v. Lean Chefs, LLC,*
   No. 14-CV-8467 (JMF), 2016 WL 5416498 (S.D.N.Y. Sept. 28, 2016).....................................9

*Choctaw Generation Ltd. Partnership v. American Home Assur. Co.,*
   271 F.3d 403 (2d Cir. 2001)..............................................................................17

*Ciccolo v. Chicago Research and Trading Grp., Ltd.,*
   555 N.Y.S.2d 318 (N.Y. App. 1990) .......................................................................7

*Citron v. Fairchild Camera and Instrument Corp.,*
   569 A.2d 53 (Del. 1989)...................................................................................15

*Eaves v. Designs for Fin., Inc.,*
   785 F. Supp. 2d 229 (S.D.N.Y. 2011)......................................................................7

*Egleston v The Valspar Corp.,*
   No. 15cv4130 (DLC), 2015 WL 6508329 (S.D.N.Y. 2015)....................................................7

*Eternity Global Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.,*
  375 F.3d 168 (2d Cir. 2004)......................................................................................12

*Eu Yan Sang Intern Ltd. v. S & M Enters. (U.S.A.) Enter. Corp.,*
  2010 WL 3824129 (E.D.N.Y. Sept. 8, 2010)..........................................................7

*F.T.C. v. Tax Club, Inc.,*
  994 F. Supp. 2d 461 (S.D.N.Y. 2014).....................................................................3

*Fernandez v. UBS AG,*
  222 F. Supp. 3d (S.D.N.Y. 2016).....................................................................12, 13

*Fin. Guar. Ins. Co. v. Putnam Advisory Co.,*
  783 F.3d 395 (2d Cir. 2015)....................................................................................12

*First Sterling Corp. v. Union Square Retail Trust,*
  102 A.D.3d 490 (1st Dep't 2013)............................................................................10

*Halpert Enterprises, Inc. v. Harrison,*
  362 F. Supp. 2d 426 (S.D.N.Y. 2005).....................................................................14

*In re Houbigant,*
  914 F. Supp. 964 (S.D.N.Y 1995)...........................................................................10

*KDW Restructuring & Liquidation Services LLC v. Greenfield,*
  874 F. Supp. 2d 213 (S.D.N.Y. 2012)...............................................................14, 15

*Kolbeck v. LIT Am., Inc.,*
  923 F. Supp. 557 (S.D.N.Y. 1996)..........................................................................13

*M/A-COM Sec. Corp. v. Galesi,*
  904 F.2d 134 (2d Cir. 1990)....................................................................................11

*Makarova v. United States,*
  201 F.3d 110 (2d Cir. 2000)......................................................................................4

*Mattel, Inc. v. Internet Dimensions Inc.,*
  No. 99 Civ. 10066(HB), 2000 WL 973745 (S.D.N.Y. July 13, 2000)....................7

*Merck Eprova AG v. Brookstone Pharmaceuticals, LLC,*
  920 F. Supp. 2d 404 (S.D.N.Y. 2013)...................................................................6-7

*Merrill Lynch Inv. Managers v. Optibase, Ltd.,*
  337 F.3d 125 (2d Cir. 2003)....................................................................................17

*Mills v. Polar Molecular Corp.,*
  12 F.3d 1170 (2d Cir. 1993)....................................................................................11

*New World Sols., Inc. v. NameMedia Inc.,*
  150 F. Supp. 3d 287 (S.D.N.Y. 2015).......................................................................7

*Ochre LLC v. Rockwell Architecture Planning and Design, P.C.,*
   2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)..............................................................4

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,*
   85 N.Y.2d 20, 623 N.Y.S.2d 529 ...........................................................................8

*OTG Brands, LLC v. Walgreen Co.,*
   No. 12 Civ. 2837(KBF), 2015 WL 1499559 (S.D.N.Y. Mar. 31, 2015) ...................15

*Pappas v. Tzolis,*
   20 N.Y.3d 228, 958 N.Y.S. 2d 656 (2012) .............................................................15

*Patrico v. Voya Financial, Inc.,*
   No. 16 Civ. 7070 (LGS), 2017 WL 2684065 (S.D.N.Y. June 20, 2017)....................3

*Red Ball Interior Demolition Corp. v. Palmadessa,*
   874 F. Supp. 576 (S.D.N.Y. 1995)...................................................................... 12-13

*Reynolds v. Lifewatch, Inc.,*
   136 F. Supp. 3d 503 (S.D.N.Y. 2015)....................................................................8

*Rombach v. Chang,*
   355 F.3d 164 (2d Cir. 2004)................................................................................12

*Salahuddin v. Cuomo,*
   861 F.2d 40 (2d Cir. 1988)..............................................................................3, 4

*Securities. & Exchange Commission v. Cable/Tel Corp.,*
   90 F.R.D. 662 (S.D.N.Y. 1981)...........................................................................13

*Startech, Inc. v. VSA Arts,*
   126 F. Supp. 2d 234 (S.D.N.Y. 2000)................................................................ 8-9

*State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,*
   246 F. Supp. 2d 231 (S.D.N.Y. 2002)...................................................................11

*Stefatos v. Fred-Doug Manager, LLC,*
   982 N.Y.S.2d. 886 (Mem).....................................................................................9

*Stutman v. Chem. Bank,*
   95 N.Y.2d 24 (2000) ...........................................................................................7

*Taizhou Zhongneng Import and Export Co., Ltd v. Koutsobinas,*
   509 F. App'x 54 (2d. Cir. 2013)...........................................................................10

*Telecom Intern. America, Ltd. v. AT & T Corp.,*
   280 F.3d 175 (2d Cir. 2001)..................................................................................6

*Thomson-CSF, S.A. v. American Arbitration Ass'n.,*
   64 F.3d 773 (2d Cir. 1995)..............................................................................16, 17

*TufAmerica, Inc. v. Diamond,*
  968 F. Supp. 2d 588 (S.D.N.Y. 2013) ................................................................5

*Van Valkenburgh, Nooger & Neville, Inc. v. Hayden Publishing Co.,*
  30 N.Y.2d 34 ....................................................................................................11

*W. Indian Sea Is. Cotton Ass'n Inc. v. Threadtex, Inc.,*
  761 F. Supp. 1041 (S.D.N.Y.1991) ....................................................................8

*Wolff v. Rare Medium, Inc.,*
  171 F. Supp. 2d 354 (S.D.N.Y. 2001) ................................................................9

*Zerman v. Ball,*
  735 F.2d 15 (2d Cir. 1984) ..............................................................................12

## Statutes

  15 U.S.C.A. § 1125(a) ........................................................................................6

  6 Del. C. § 17-1002 ..........................................................................................14

  New York GBL §§ 349 and 350 ........................................................................7

## Rules

  Fed.R.Civ.P. 8. ..............................................................................................1, 3

  Fed.R.Civ.P.8(a) ................................................................................................3

  Fed.R.Civ.P. 9(b) ........................................................................................12, 13

  Fed.R.Civ.P. 12 ..................................................................................................1

  Fed.R.Civ.P. 12(b)(1) ....................................................................................4, 5

  Fed.R.Civ.P.  12(b)(6) ........................................................................................5

  Fed.R.Civ.P. 23.1 ............................................................................................14

Defendant Talmon Marco ("Marco") submits this memorandum of law in support of his motion to dismiss the class action complaint (the "Complaint") filed by Plaintiffs Mohammed Razzak ("Razzak"), Mohammad Siddique ("Siddique"), and Mohammad Islam ("Islam" and, together with Razzak and Siddique, "Plaintiffs").

<u>Preliminary Statement</u>

By their Complaint, Plaintiffs purport to represent the interests of a class of similarly situated individuals who were allegedly harmed in April 2017 when Defendant Juno USA, LP ("Juno USA") agreed to "sell itself" for a reported $200 million. (Complaint at 9, ¶ 42 [Dkt No. 1].) As set forth herein and in the memorandum of law in support of the motion to dismiss of Defendants Juno USA, Vulcan Cars LLC, ("Vulcan"), and GT Forge, Inc., ("GT Forge" and, together with Juno USA and Vulcan, the "Entity Defendants") (the "Entity Defendants' MOL MOL"), the Complaint fails to allege adequately any of its claims, and is, in many instances, contradicted by the terms of the written agreements purportedly giving rise to those claims.

The Complaint's pleadings against Marco are glaringly insufficient. In fact, Plaintiffs do not identify any of the particular Defendants against which they bring each of their claims. Rather, their claims are alleged against all the defendants; lumped together in violation of Rule 8. The Complaint against Marco must also be dismissed pursuant to Rule 12 because: (i) this Court does not have subject-matter jurisdiction over the claims brought in the Complaint; and (ii) the Complaint does not plead sufficient facts showing Plaintiffs' entitlement to relief.

<u>Summary of Allegations</u>

The Complaint barely mentions Defendant Marco. His name appears only a few times in the body of the Complaint, and it is to allege only: (i) that Marco is the CEO of Juno who, on information and belief, resides in or does business in New York (Complaint at 6, ¶ 24); (ii) that

1

Marco "turned [his] back on Driving Partners" after the company received an offer to acquire Juno for $200 million (*Id.* ¶ 11); and (iii) that Marco, along with Juno USA, breached his "fiduciary duty to Juno shareholders, [was] grossly negligent in orchestrating their sale to Gett, mismanaged the shares program and sale to Gett, and committed other serious acts and omissions which damaged the value of the company and made it vulnerable to civil and criminal legal action" (*Id.*, ¶ 17).

The balance of the Complaint does not provide any additional detail about what, exactly, Plaintiffs believe that Marco did, does not describe how, exactly, his actions entitle Plaintiffs to damages, nor does it describe in further detail any of those other alleged but unnamed "serious acts or omissions." (*Id.*) The various claims of the Complaint do not specify which Defendants they are brought against, and Marco is not described in any of the allegations purportedly giving rise to those claims, other than the seventh claim, styled as a "Shareholder Derivative Claim." But that claim, far from providing the requisite clarity, describes a hodgepodge of legal theories of recovery sounding in accounting, breach of fiduciary duty, and "fraud directed at the plaintiffs." (*Id.* at 25–6, ¶¶ 150–162.) In support of that claim, Plaintiffs allege that Marco "must account to the plaintiffs" (but do not say why) (*id.* at 25, ¶ 152); that Marco harmed the plaintiffs through misconduct, mismanagement, and misappropriation of the RSU program (but do not say how) (*id.* at 25, ¶ 153); that Marco breached a fiduciary duty to the plaintiffs (but do not say how) (*id.* at 26, ¶ 154); that Marco engaged in fraudulent and/or other unlawful activity directed at the plaintiffs (but do not say what that fraudulent and/or other unlawful activity was) (*id.* at 26, ¶ 155); that Marco "acted in self-dealing and greed" (but do not say how) (*id.* at 26, ¶ 156); that Marco failed to provide faithful and true accounting of plaintiffs' interests in financial documents (but do not say how those documents were untrue or what Marco had to do

with their creation or distribution) (*id.* at 26, ¶ 158); and that Marco's management style risked

civil and criminal liability (but do not say how) (*id.* at 26, ¶¶ 159–61).

There are no other allegations concerning Marco elsewhere in the Complaint.

Correspondingly, he should be dismissed from this action.  In all other respects, Marco adopts

the Summary of Allegations set forth in the accompanying Entity Defendants' MOL.  (Entity

Defendants' MOL at 3–6.)

## <u>ARGUMENT</u>

**I.      The Complaint Does Not Satisfy Rule 8**

A complaint must satisfy Rule 8, which requires "a short and plain statement of the claim

showing that the pleader is entitled to relief."  (Fed.R.Civ.Pro.8(a); *see, e.g.*, *Salahuddin v.*

*Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (a complaint should "give the adverse party fair notice of

the claim[s] asserted so as to enable him to answer and prepare for trial").)  The Complaint does

not do so, compelling dismissal.

Plaintiffs did not identify which claims are brought against which Defendants.  This

leaves Defendants to guess at what claims they must answer to; this is a fundamental unfairness.

Similar pleadings are routinely dismissed as courts have long held that "lumping" of all

defendants together in such a manner does not satisfy the pleading requirements of Rule 8.  (*See,*

*e.g.*, *F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014) ("As a general matter,

pleadings are required to specify which defendant is alleged to have committed a particular. . .

act") (internal citations omitted); *Patrico v. Voya Financial, Inc.*, No. 16 Civ. 7070 (LGS), 2017

WL 2684065, *5 (S.D.N.Y. June 20, 2017) ("A complaint fails this standard when it 'lump[s] all

the defendants together in each claim and provid[es] no factual basis to distinguish their

conduct.'" (quoting *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001); *Ochre*

3

*LLC v. Rockwell Architecture Planning and Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, *6 (S.D.N.Y. Dec. 3, 2012).)

Because the Complaint does not specify which claims it brings against Marco, nor identify the conduct of his of which Plaintiffs complain, it is impossible for him to answer and prepare for trial.  Correspondingly, all claims purportedly asserted against him must be dismissed.  (*Salahuddin*, 861 F.2d at 42.)

## II.   This Court Does Not Have Subject-Matter Jurisdiction Over Plaintiffs' Claims

The Claims of the Complaint are also subject to dismissal under Rule 12(b)(1) because this Court does not have subject-matter jurisdiction to hear them.  (Fed.R.Civ.P. 12(b)(1).)  As set forth more fully in the Entity Defendants' MOL, "A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  (*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).)  The standard is essentially identical to the 12(b)(6) standard, except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  (*Id.*)

Plaintiffs' claims do not belong in Federal Court.  There is no adequately alleged claim brought under federal law, and no diversity—in fact or alleged.  In all respects, Marco adopts the corresponding arguments set forth in the Entity Defendants' MOL.  (Entity Defendants' MOL at 7–10, Sec. I.)

**III.    The Claims Against Marco Must be Dismissed Pursuant to Rule 12(b)(6)**

A.    Standard of Review

"A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).)  To survive a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).)  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Iqbal*, 556 U.S. at 678.)  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, 'it stops short of the line between possibility and plausibility of entitlement to relief.'" (*Id.*) (quoting and citing *Twombly*, 550 U.S. at 556–57).  Dismissal is, correspondingly, appropriate, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." (*Id.*)  The Court need not accept as true any allegation contradicted by documentary evidence "relied on" in the Complaint.  (*TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592–93 (S.D.N.Y. 2013).)

Here, as discussed below, none of the claims are adequately asserted against Marco, compelling dismissal of the entirety of the Complaint against him.

B.     Claim One: False Advertising (FTCA)

1.     Plaintiffs have not adequately alleged a claim for false advertising.

Plaintiffs' first claim, styled as a claim for "false advertising" brought under the Federal Trade Commission Act (the "FTCA") must be dismissed because there is no private right of action authorized by the FTCA (much less one against a business entity brought by its independent contractors).  (*See, e.g.*, *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) (the FTCA does not "bestow upon either competitors or consumers standing to enforce its provisions").)

To the extent that Plaintiffs instead intend to bring a claim for false advertising under the Lanham Act *based upon* violations of the FTCA (*see, e.g.*, *Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 637–38) (S.D.N.Y. 2016) those claims must also be dismissed, because the Lanham Act creates a private right of action for competitors.  It does not provide a right of action for contractors against the businesses with which they contract.  (*See, e.g.* 15 U.S.C.A. § 1125(a); *Telecom Intern. America, Ltd. v. AT & T Corp.*, 280 F.3d 175 (2d Cir. 2001).)

In all other respects, Marco adopts the corresponding arguments set forth in the Entity Defendants' MOL.  (Entity Defendants' MOL at 12, Sec. II(A)(1).)

2.     Plaintiffs have not adequately alleged a claim for false advertising against Marco.

Even if Plaintiffs' claim were cognizable, it has not been adequately alleged against Marco.  Plaintiffs' sole allegation against Marco is that he was the CEO of Juno USA during the relevant period.  There are no other allegations that he did anything giving rise to Plaintiffs' first claim for false advertising.  To bring a Lanham Act false advertising claim against an individual requires alleging facts that the individual directed, controlled, ratified, participated in, or was "the moving force behind a Lanham Act violation."  (*Merck Eprova AG v. Brookstone*

6

*Pharmaceuticals, LLC*, 920 F. Supp. 2d 404, 426-427 (S.D.N.Y. 2013) *citing Mattel, Inc. v. Internet Dimensions Inc.*, No. 99 Civ. 10066 (HB), 2000 WL 973745, at *9 (S.D.N.Y. July 13, 2000).)  Merely alleging, as here, that the individual was the CEO, is insufficient.  (*See, e.g.*, *Eu Yan Sang Intern Ltd. v. S & M Enters. (U.S.A.) Enter. Corp.*, No. 09-cv-4235 (RRM)(RER), 2010 WL 3824129, at *2 (E.D.N.Y. Sept. 8, 2010).)

Correspondingly, because the Complaint is devoid of any such allegations, any discernable Lanham Act against Marco must be dismissed.

C.      Claim Two: False Advertising (New York General Business Law)

1.      Plaintiffs cannot bring a claim under New York Business Law 349 and 350.

Plaintiffs' second claim purports to describe a claim for false advertising brought pursuant to New York General Business Law ("GBL") §§ 349 and 350.  However, these provisions of the GBL are *consumer* protection statutes.  (*See, e.g.*, *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 329-30 (S.D.N.Y. 2015) (quoting *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000); *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 265 (S.D.N.Y. 2011) (GBL claims are available only to "an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising") (internal citations omitted); *Egleston .v The Valspar Corp.*, No. 15cv4130 (DLC), 2015 WL 6508329 (S.D.N.Y. 2015) (GBL 349 claim properly brought by consumer).)

The drivers who bring this suit are not consumers.  They are independent contractors who drive under the Juno name, and lack standing to assert this claim.  (*See, e.g.*, *Ciccolo v. Chicago Research and Trading Grp., Ltd.*, 555 N.Y.S.2d 318, 319, 319 (N.Y. App. 1990) ("[i]t is well settled that the purpose of [this] statute is to protect the public and to provide a remedy for injuries resulting from consumer fraud" (internal citations omitted).)  The Complaint also fails to

allege a "communication with a consumer" or a "deceptive act likely to mislead a reasonable consumer" as required to bring a claim for false advertising under the GBL. (*See, e.g.*, *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 532–33.)  For both these reasons, this claim must be dismissed.  In all other respects, Marco adopts the corresponding arguments set forth in the Entity Defendants' MOL. (Entity Defendants' MOL at 12–13, Sec. II(A)(2).)

> 2.    Plaintiffs cannot bring a claim under New York Business Law against Marco.

Even if Plaintiffs could bring a claim under GBL 349 and 350, they have failed to allege facts necessary to bring such a claim against Marco, individually.  To pierce the corporate veil in that manner, Plaintiffs must allege, with specificity, Marco's personal participation in alleged misrepresentations; *i.e.* more than merely his awareness or control.  (*See, e.g.*, *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 526-527 (S.D.N.Y. 2015); *W. Indian Sea Is. Cotton Ass'n Inc. v. Threadtex, Inc.*, 761 F. Supp.  1041, 1054 (S.D.N.Y.1991) (claim was adequately stated given allegations that corporate officer had made misrepresentations and "participated in the allegedly fraudulent acts of the corporate defendants")).

Here, there are no such allegations whatsoever.  The claim against Marco—even if it could be brought by these Plaintiffs—must be dismissed.

> D.    Claim Three: Breach of Contract – Commission Fee

> 1.    Plaintiffs have not adequately alleged a claim for breach of contract.

Plaintiffs' third count is a purported claim for "Breach of Contract – Commission Fee." However, that claim is inadequately alleged and must be dismissed.  The law requires Plaintiffs to show: the making of an agreement; performance by the plaintiff; breach by the defendant; and damages suffered by the plaintiff.  (*See, e.g.*, *Startech, Inc. v. VSA Arts*, 126 F. Supp. 2d 234, 236

(S.D.N.Y. 2000).)  Plaintiffs must also identify the parties to the contract.  (*See, e.g.*, *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001).

In the Complaint, Plaintiffs allege only that Juno USA "improperly calculated its commission based upon the net fare" (Complaint at 19, ¶ 104).  The Complaint does not identify the contract, identify the parties to the contract, or describe its terms.  As pleaded, it is impossible to know how, precisely, Plaintiffs believe their commissions should have been calculated.  This manner of pleading cannot "sustain a claim for breach of contract."  (*Chefs Diet Acquisition Corp. v. Lean Chefs, LLC*, No. 14-CV-8467, 2016 WL 5416498, at *8 (S.D.N.Y. Sept. 28, 2016) (internal citations omitted).)

As explained in the Entity Defendants' MOL, the relevant agreements are the independent driver agreements between Vulcan and the independent contractors who drove for Juno USA, *i.e.* the putative class (the "Driver Agreements").  (Entity Defendants' MOL at 19–21, Sec. II(C).)  Critically, the Driver Agreements do not say anything about the drivers' "net commissions" and, correspondingly, Plaintiffs have not alleged a claim for breach of contract.  (*Id*.)  In all other respects, Marco adopts the corresponding arguments set forth in the Entity Defendants' MOL.  (*Id*.)

### 2. Plaintiffs cannot bring a claim against Marco for breach of contract.

The claim for breach of contract is further deficient against Marco, individually, because he is not—nor is he alleged to be—a party to the Driver Agreements.  This, of course, compels dismissal under New York law.  (*See, e.g.*, *Stefatos v. Fred-Doug Manager, LLC*, 982 N.Y.S.2d. 886 (Mem) (N.Y. App. Div. 2014); *Black Car and Livery Ins., Inc. v. H & W Brokerage, Inc.*, 28 A.D.3d 595 (2d Dep't 2006).)

Moreover, the claim must be dismissed because the Complaint does not describe the sort of domination that justifies piercing the corporate veil to reach individual officers.  (*See, e.g. Taizhou Zhongneng Import and Export Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 57-58 (2d. Cir. 2013); *First Sterling Corp. v. Union Square Retail Trust*, 102 A.D.3d 490 (1st Dep't 2013) (dismissing conclusory allegations of domination).)

Plaintiffs have made no allegations that Marco was a party to an agreement that he breached, nor that he should be held liable for the breach of the Driver Agreements between the Plaintiffs and Vulcan.  Correspondingly, the claims against him for breach of contract must be dismissed.

      E.      Count Four: Breach of the Implied Covenant of Good Faith and Fair Dealing

            1.      Plaintiffs have not adequately alleged a claim for breach of the implied covenant of good faith and fair dealing.

Plaintiffs' fourth claim, for breach of the implied covenant of good faith and fair dealing, must be dismissed because it is impermissibly duplicative of Plaintiffs' purported claim for breach of contract.  (*See, e.g.*, *In re Houbigant*, 914 F. Supp. 964, 989 (S.D.N.Y 1995) ("A claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of . . . an express provision of the underlying contract.").  Here, Plaintiffs' only alleged facts in support of this claim are the identical acts "described above" (Complaint at 20, ¶ 114) and, correspondingly, the claim must be dismissed.

Further, as set forth in the Entity Defendants' MOL, the Driver Agreements did not set the "commission" earned by the putative class, but rather, provided that payments to drivers would be set forth more fully in other agreements.  (Entity Defendants' MOL at 19–21, Sec. II(C).)  Because the contract explicitly permits Vulcan the commercial freedom to determine the

"commission" in separate agreements, no implied covenant may be found to restrict its right to do so.  (*See, e.g.*, *M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990) ("the implied covenant does not extend so far as to undermine a party's 'general right to act on its own interests in a way that may incidentally lessen' the other party's anticipated fruits from the contract.")  (quoting *Van Valkenburgh, Nooger & Neville, Inc. v. Hayden Publishing Co.*, 30 N.Y.2d 34, 46, *cert. denied*, 409 U.S. 875 (1972)); *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 246 F. Supp. 2d 231, 241 (S.D.N.Y. 2002) (The "implied covenant does not require a party to act against his own self interest even though the other party's interest may be incidentally adversely affected by the party's action").)

In all other respects, Marco adopts the corresponding arguments set forth in the Entity Defendants' MOL.  (Entity Defendants' MOL at 21–22, Sec. II(D).)

> 2.     Plaintiffs have not adequately alleged a claim against Marco for breach of the implied covenant of good faith and fair dealing.

Plaintiffs' claim for breach of the implied covenant is further infirm with respect to Marco.  A claim for breach of the covenant of good faith and fair dealing may not be brought against an individual officer of a business organization unless it is alleged that the individual "assumed personal liability, acted in bad faith or committed a tort in connection with the performance of the contract."  (*Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1177 (2d Cir. 1993).)  The Complaint makes no such allegations about Marco.

Instead, Plaintiffs make only vague and conclusory allegations that Marco acted in bad faith (*e.g.*, he "turned [his] back" on drivers (Complaint at 4, ¶ 11).  This is not a sufficient allegation of "bad faith" necessary to support a claim for breach of the implied covenant against Marco and, correspondingly, this claim must be dismissed.  (*Mills*, 12 F.3d at 1177.)

F.      Count Five: Misrepresentation and Fraud; Count Six: Securities Fraud

       1.      Plaintiffs have not adequately alleged any claims sounding in fraud.

Plaintiffs' fifth and sixth claims for "Misrepresentation and Fraud" and "Securities Fraud" fail to comply with the strict pleading requirements for fraud allegations and must be dismissed.  Fed.R.Civ.Pro. 9(b) requires that a fraud claim "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  (*Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 403 (2d Cir. 2015) (quoting *Eternity Global Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004).)

The Second Circuit has consistently explained that Plaintiffs must "do more than say that the statements . . . were false and misleading; they must demonstrate with specificity why and how that is so."  (*Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004).)  As set forth more fully in arguments set forth in the Entity Defendants' MOL, herein adopted by Marco, the Complaint fails to do any of these things.  Correspondingly, these claims sounding in fraud must be dismissed.  (Entity Defendants' MOL at 13–19, Sec. II(B).)

       2.      Plaintiffs have not adequately alleged any fraud based claims against Marco.

Plaintiffs' fraud-based claims are also insufficiently pleaded as to Marco because the Complaint fails to identify his role in the alleged fraud.  (*See, e.g.*, *Zerman v. Ball*, 735 F.2d 15, 22–23 (2d Cir. 1984) (dismissing securities fraud claims against individual defendants); *Fernandez v. UBS AG*, 222 F. Supp. 3d 358, 388 (S.D.N.Y. 2016) (dismissing claims because "each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he stands individually charged.") (quoting *Red*

*Ball Interior Demolition Corp. v. Palmadessa*, 874 F. Supp. 576, 584 (S.D.N.Y. 1995));

*Securities. & Exchange Commission v. Cable/Tel Corp.,* 90 F.R.D. 662, 664 (S.D.N.Y. 1981)

(deficiencies in alleging the culpability of each defendant "frustrate the purpose of Rule 9(b) to

assure that a defendant receive fair notice of the plaintiff's claim against him so he can prepare

an adequate defense"); *Kolbeck v. LIT Am., Inc.,* 923 F. Supp. 557, 569 (S.D.N.Y.

1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998) ("foggy allegations do not comply with Fed. R. Civ. P.

9(b) in that they fail to notify defendants. . . of their own alleged wrongdoing and make it close

to impossible to prepare a defense.").)

Instead, the Complaint does not explain what misstatements were made by Marco, much

less when, where, and why they were made.  This requires dismissal.  (*See, e.g.*, *Fernandez*, 222

F. Supp. 3d at 388; *Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, 331 F. Supp. 2d

247, 254 (S.D.N.Y. 2004) (dismissing fraud claim where complaint "lump[ed] together" the

defendants, thus rendering it impossible to "determine[] which . . . defendant made what specific

statement [or] when they were made").)

G.      Count Seven: Shareholder Derivative Claim

1.      Plaintiffs cannot bring a derivative action on behalf of Juno USA.

Plaintiffs' seventh claim is styled as a "Shareholder Derivative Claim" which appears to

contain descriptions of claims for an accounting, for breaches of fiduciary duty (including waste

and mismanagement) and for fraud directed at the plaintiffs and putative class members.

(Complaint at 25–26, ¶¶ 150–162.)  This claim must be dismissed for a variety of reasons, but

most notably, because Plaintiffs do not have standing, because they do not have a membership

interest in Juno USA, on whose behalf the claim is purportedly brought.

13

Plaintiffs purport to bring the derivative claim as shareholders of Defendant Juno USA. (Complaint at 25, ¶ 151.)  As an initial matter, Juno USA is (and is accurately alleged to be) a Delaware limited partnership—it does not have "shareholders."  (*Id.* at 6, ¶ 22.)  (*See* Entity Defendants' MOL at 22-23.)  Moreover, Plaintiffs do not allege that they hold membership interests in Juno USA, as required by Delaware law.  (6 Del. C. § 17-1002.)[1]  As discussed in the Entity Defendants' MOL, were Plaintiffs to attempt to assert derivative standing by virtue of the RSUs, it would be an action on behalf of non-party Juno Inc., the issuer of the RSUs and sponsor of the RSU Program.  (Entity Defendants' MOL at 23–24, Sec. II(F).)

Plaintiffs' claims should also be dismissed because Plaintiffs have not alleged adequately that they made a demand on Juno USA prior to the assertion of their derivative claims.  (*See, e.g.*, Fed.R.Civ.P. 23.1; *Halpert Enterprises, Inc. v. Harrison*, 362 F. Supp. 2d 426, 429–30 (S.D.N.Y. 2005) (dismissing derivative claims against corporation and its board members and noting that "[t]o comply with Fed.R.Civ.P.23.1, a plaintiff must plead the futility of demand with specific allegations.").)  Here, Plaintiffs' sole allegation is that "The defendants have failed to redress the plaintiffs and putative class members' claims regarding the valuation of their RSUs." (Complaint at 26, ¶ 162.)  This is plainly insufficient and compels dismissal.  In all other respects, Marco adopts the corresponding arguments set forth in the Entity Defendants' MOL. (Entity Defendants' MOL at 23–24, Sec. II(F).)

> 2.      Plaintiffs cannot bring a derivative claim against Marco.

Even if Plaintiffs had standing to bring a derivative claim, and even if Plaintiffs' derivative claims were properly pleaded, and even if Plaintiffs had satisfied the demand

---

[1] Because Juno USA is a Delaware business organization, stakeholders' rights—and Marco's duties—are defined under Delaware law.  (*See, e.g.*, *KDW Restructuring & Liquidation Services LLC v. Greenfield*, 874 F. Supp.2d 213, 221 (S.D.N.Y. 2012).)

14

requirements of the Federal Rules of Civil Procedure, Plaintiffs' derivative claims against Marco would *still* have to be dismissed because he is protected by Delaware's business judgment rule. That rule serves as "a presumption that, in making business decisions, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company. The burden is on the plaintiffs to rebut this automatic presumption. . . . The business judgment rule prevents a court from 'second-guessing' the rational decisions of directors who have 'availed themselves of all material and reasonably available information.'" (*KDW Restructuring*, 874 F. Supp. 2d at 222–223); *see also Citron v. Fairchild Camera and Instrument Corp.*, 569 A.2d 53, 64 (Del. 1989).)

Here, Plaintiffs do not allege that Marco failed to consider carefully the proposed acquisition by GT Forge; rather, they complain that they were harmed, generally, by the acquisition. This is insufficient to overcome the business judgment rule that protects Marco in his capacity as CEO. (*See, e.g.*, *Citron*, 569 A.2d at 66–67.)

 H. Count Eight: Conversion

  1. The Complaint Does Not Allege Adequately a Claim for Conversion.

To plead a claim for conversion, Plaintiffs must allege: (i) a "possessory right or interest" in property; and (ii) the defendant's wrongful "dominion over" or "interference with" that property in derogation of the plaintiff's rights. (*See, e.g.*, *OTG Brands, LLC v. Walgreen Co.*, No. 13-cv-09066, 2015 WL 1499559, at *9 (S.D.N.Y. Mar. 31, 2015) (quoting *Pappas v. Tzolis*, 20 N.Y.3d 228, 234, 958 N.Y.S. 2d 656, 660 (2012)).) When the claim alleges the conversion of money, the money must be "specifically identifiable and be subject to an obligation to be returned." (*OTG Brands*, 2015 WL 149955, at *9) Further, where, as here, the conversion claim arises from an alleged breach of contract, Plaintiffs must allege that the breach was

15

"unlawful or wrongful as opposed to mere violations of contractual rights."  (*Id.* at *9.)  Because

Plaintiffs have not done this, the Complaint does not set forth a claim for conversion on which

relief can be granted and should be dismissed.  In all other respects, Marco adopts the

corresponding arguments set forth in the Entity Defendants' MOL.  (Entity Defendants' MOL at

22–23, Sec. II(E).)

> 2.      The Complaint does not allege a claim for conversion against Marco.

The Complaint is devoid of any allegations that Marco, as an individual, should be held

liable for conversion.  Correspondingly, the claim him, individually, must be dismissed.  (*See,*

*e.g.*, *Allison v. Cos-ette Too, LLC*, No. 14 CIV. 1618 LAK JCF, 2014 WL 4996358, at *5

(S.D.N.Y. Sept. 15, 2014) (piercing the corporate veil is appropriate only when the corporate

form "'has been used to achieve fraud, or when the corporation has been so dominated by an

individual or another corporation . . .  and its separate identity so disregarded, that it primarily

transacted the dominator's business rather than its own and can be called the other's alter ego.'")

(quoting *Bridgestone/Firestone Inc. v. Recovery Credit Services*, 98 F.3d 13, 17–18 (2d Cir.

1996).)

## IV.     The Claims of Siddique and Islam Should be Dismissed in Favor of Arbitration

As set forth in the Entity Defendants' MOL, named Plaintiffs Siddique and Islam

consented to arbitration of the disputes raised in the Complaint in their respective Driver

Agreements with Vulcan.  (Entity Defendants' MOL at 24–25, Sec. III.)  It is the law of the

Second Circuit that Siddique and Islam, signatories to the arbitration agreement, cannot avoid

arbitration of their claims against Marco, even though he is not a party to the same agreement.

Specifically, as explained in *Thomson-CSF, S.A. v. American Arbitration Ass'n.*, 64 F.3d 773 (2d

Cir. 1995), "a signatory [is] bound to arbitrate with a nonsignatory at the nonsignatory's

insistence because of the 'close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract . . . and [the fact that] the claims were intimately founded in and intertwined with the underlying contract obligations."  (64 F.3d at 779 (internal citations omitted).)

Because of the close relationship between Marco and the entities subject to the arbitration provision in the Driver Agreement (*see* Entity Defendants' MOL at 19–21, Sec. II(C) (noting that the Driver Agreements require arbitration of disputes with Vulcan or its affiliates)), Marco is entitled to compel arbitration of those Plaintiffs' claims against him.  (*See, e.g.*, *Thomson-CSF*, 64 F.3d at 779 (discussing authority); *Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 131 (2d Cir. 2003) ("a willing non-signatory seeking to arbitrate with a signatory that is unwilling may do so under what has been called an 'alternative estoppel theory'. . . which takes into consideration 'the relationships of persons, wrongs and issues."); *Choctaw Generation Ltd. Partnership v. American Home Assur. Co.*, 271 F.3d 403, 406–08 (2d Cir. 2001) (holding that controversy was arbitrable "at the behest of the non-signatory" where "the present controversy . . . is essentially an aspect of the same controversy now in arbitration between the two signatories.").)

Correspondingly, Siddique and Islam's claims against Marco should be dismissed and those claims should be directed to the agreed-upon arbitral forum.

<u>Conclusion</u>

For the reasons set forth above and in the accompanying Entity Defendants' MOL,

Plaintiffs' Complaint fails to set forth a short and plain statement of the claim for relief, fails to

otherwise allege facts giving rise to a claim on which relief may be granted, and is otherwise

contradicted by documentary evidence.  Correspondingly, dismissal is appropriate.

Dated: New York, New York
      August 4, 2017

                             Respectfully Submitted,

                             **MEISTER SEELIG & FEIN, LLP**

By:    /s/ Jeffrey A. Kimmel
               Jeffrey A. Kimmel, Esq.
               Adam B. Oppenheim, Esq.
               125 Park Avenue, 7th Floor
               New York, New York 10017
               Tel (212) 655-3500
               Fax (212) 655-3535
               *Attorneys for Defendant Talmon Marco*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via ECF on this <u>August 4, 2017</u>, to the service list below.


 /s/ Jeffrey A. Kimmel
**Jeffrey A. Kimmel**


<u>**Service List**</u>

**Philip Michael Hines**
Held & Hines, LLP
2004 Ralph Avenue
Brooklyn, NY 11234
718-531-9700
Fax: 718-444-5768
Email: phines@heldhines.com

*Attorneys for Plaintiffs*

**John J. Clarke, Jr**
DLA Piper US LLP (NY)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500
Fax: (212) 335-4501
Email: john.clarke@dlapiper.com

*Attorneys for Defendants Juno USA, LP, Vulcan Cars LLC, and GT Forge, Inc.*